NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1310

SALTANAT BERDIKEEVA & another[1]

vs.

CITY COUNCIL OF GLOUCESTER & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Saltanat Berdikeeva and Peter Johnsen (together, plaintiffs) appeal from a separate and final judgment in the Superior Court dismissing their action as against 20 Main LLC (20 Main).  The plaintiffs sought judicial review of a special permit granted to 20 Main by the city council of Gloucester (city council).  Although the plaintiffs timely filed an amended complaint in the Superior Court, they failed to file a timely notice of appeal with the city clerk (clerk) as required by G. L. c. 40A, § 17 (§ 17).  20 Main filed a motion to dismiss under Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), and the

_____

[1] Peter Johnsen.

[2] 20 Main LLC.

city council filed a separate motion for the limited purpose of supporting 20 Main's motion.[3]  A judge of the Superior Court allowed 20 Main's motion to dismiss, and this appeal followed. We affirm.

Background.  On November 26, 2024, the city council held a hearing and approved 20 Main's application for a special permit. The written decision, issued on February 25, 2025, became effective on February 27, 2025.  On February 3, 2025, approximately three weeks before the written decision was issued, the plaintiffs filed an action in the Superior Court seeking judicial review of the approval of the special permit. On February 27, 2025, Berdikeeva communicated with the clerk by e-mail asking when the appeal period began and how she could obtain a copy of the certified decision.[4]  The clerk answered Berdikeeva's questions and informed her that because of "the lawsuit [she] filed," future communications needed to be with the city legal department.  On March 10, 2025, the plaintiffs filed an amended complaint in the Superior Court which appended

---

[3] The appellate record does not include the motion to dismiss.

[4] Although both the plaintiffs and an employee of the city of Gloucester referenced a twenty-one day appeal window, G. L. c. 40A, § 17, requires that "[n]otice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days."

the required certified copy of the city council's decision.  On March 17, 2025, the plaintiffs mailed, by certified mail, return receipt requested, a package to the "Town of Gloucester" which was delivered on March 21, 2025.[5]  On March 21, 2025, the clerk certified that, as of March 20, 2025, twenty days had elapsed since the filing of the decision and that no appeal had been filed with the office of the city clerk.  The decision was recorded in the registry of deeds for Essex county on the same day.

20 Main moved to dismiss the plaintiffs' complaint under Mass. R. Civ. P. 12 (b) (1), arguing that because the plaintiffs failed to give timely notice to the clerk as required by § 17, the Superior Court lacked subject matter jurisdiction over the action.  After a hearing, a judge of the Superior Court allowed the motion to dismiss and separate and final judgment entered in favor of 20 Main.

Discussion.  "We review de novo the allowance of a motion to dismiss for lack of subject matter jurisdiction under rule 12 (b) (1)."  Allegaert v. Harbor View Hotel Owner LLC, 100

_____

[5] While the plaintiffs claim that the package contained the required notice to the clerk and a copy of the amended complaint, the record does not indicate the individual, office, or physical address that the package was sent to, the contents of the package, or the identity of the person who received the package.

3

Mass. App. Ct. 483, 486 (2021), quoting 311 W. Broadway LLC v. Board of Appeal of Boston, 90 Mass. App. Ct. 68, 73 (2016). Where a motion brought under rule 12 (b) (1) "is supported by affidavits or other matters outside the record, the challenge is factual and the burden falls to the nonmoving party to prove jurisdictional facts." Hladik v. LPL Fin. LLC, 106 Mass. App. Ct. 592, 595 (2026).

General Laws c. 40A, § 17, states in relevant part,

"Any person aggrieved by a decision of . . . any special permit granting authority . . . may appeal to . . . the superior court . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk. . . . Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days."

"Failures in meeting the twenty-day deadline are not forgiven. . . . '[T]he purpose of the notice provision is to give interested third persons at least constructive notice of the appeal'" (citation omitted). Bingham v. City Council of Fitchburg, 52 Mass. App. Ct. 566, 569 (2001).

First, the plaintiffs argue that while the clerk did not have physical possession of their notice of appeal until March 21, 2025, she had actual notice of the appeal, which is sufficient to comply with § 17. To support their argument, the plaintiffs rely on the e-mail correspondence between Berdikeeva and the clerk, on February 27, 2025, within which Berdikeeva

4

asked how to obtain a certified copy of the council's decision, and when the appeal period began, and the clerk informed her that future communications should be directed to legal counsel's office "due to the lawsuit."  We are not persuaded.

While "it is the state of the clerk's knowledge, not the physical location of the papers, that controls," Konover Mgt. Corp. v. Planning Bd. of Auburn, 32 Mass. App. Ct. 319, 325 (1992), we conclude that the clerk did not have actual notice of the plaintiffs' appeal on February 27, 2025, because the plaintiffs did not file their amended complaint, with a certified copy of the city council's decision, until March 10, 2025.  The clerk, at most, was aware on February 27, 2025, only of the plaintiffs' premature filing in the Superior Court and their intent to appeal the forthcoming certified decision. Indeed, notice of the intent to appeal is not sufficient to satisfy § 17.  See Norfolk County v. Zoning Bd. of Appeals of Walpole, 16 Mass. App. Ct. 930, 930 (1983) (notifying clerk by telephone that appeal would be taken is insufficient under § 17).

The plaintiffs additionally argue that the appeal period should have been extended by three days beyond the initial twenty-day appeal period, relying on Mass. R. Civ. P. 6 (d), as appearing in 493 Mass. 1403 (2023), which states that

"[w]henever a party has the right or is required to do some act within a prescribed period after the service of a notice or other papers upon the party and the notice or paper is served upon the party by mail, . . . three (3) days shall be added to the prescribed period."  We agree with the motion judge that the additional period of three days permitted for mailing pursuant to Mass. R. Civ. P. 6 (d) is inapplicable and § 17's requirement that notice be given "so as to be received within such twenty days" controls.  G. L. c. 40A, § 17.  "In the absence of express provision to the contrary, a notice is not given until received by the person to be notified."  Costello v. Board of Appeals of Lexington, 3 Mass. App. Ct. 441, 443 (1975), quoting Regan v. Atlantic Ref. Co., 304 Mass. 353, 354 (1939).  See Friedman v. Board of Registration in Med., 414 Mass. 663, 665 (1993) ("there is a statutory appeal period which cannot be overridden by a contrary rule of court when the manner and time for effective filing of an appeal are delineated in the statute").

Finally, the plaintiffs argue that under § 17, appeals relating to procedural defects may be brought within ninety days, and that because the special permit was granted by a simple majority of the council instead of a supermajority, the vote was procedurally defective.  Here, however, § 17's ninety-day appeal period is inapplicable as it applies to defects in

6

"notice by publication, mailing or posting as required by this chapter." G. L. c. 40A, § 17.

> "[T]he addition of the ninety-day appeal period language to the statute was not to enlarge the time for filing an appeal on the merits, but was intended to limit the time for filing a challenge to an action of a board on the ground that a defect in procedure or notice had deprived the board of jurisdiction over the matter."

Cappuccio v. Zoning Bd. of Appeals of Spencer, 398 Mass. 304, 310 (1986).[6],[7],[8]

Judgment dated September 26, 2025, affirmed.

By the Court (Singh, Brennan & Allen, JJ.[9]),

_Paul Little_

Clerk

Entered: July 8, 2026.

---

[6] Given our decision, we do not reach the question of whether a simple majority vote by the city council was sufficient in this case to approve the special permit.

[7] In light of the disposition of this appeal, we deny as moot 20 Main's motion to dismiss the appeal.

[8] 20 Main's request for attorney's fees is denied.

[9] The panelists are listed in order of seniority.